CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA - FILED

NOV 19 2008

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CARL G. MASLAK,<br>Plaintiff, | ) <br> ) | Civil Action No. 7:08-cv-00589 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| STATE POLIEY [sic],<br>Defendants. | ) <br> ) <br> ) | By: Hon. Glen E. Conrad<br>United States District Judge |

Plaintiff Carl G. Maslak, a local jail inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Maslak alleges that state officials are violating his constitutional right not to be placed in double jeopardy by requiring him to register as a sex offender in Virginia, based on a sex offense conviction from 1988 in New Jersey. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

Maslak complains that the Virginia Sex Offender Registry violates principles of double jeopardy. He was charged with a sexual assault in New Jersey in 1988. He alleges that "4 years later [he] went [to] court for it and sign[ed] a[n] appeal and the law[yer] said no registry it is over 1992." Apparently, Maslak believes that his conviction is too old to fall under the category of offenses for which convicted sex offenders must register in Virginia. Although Maslak was incarcerated at the Southwest Virginia Regional Jail ("the jail") in Abingdon, he does not elaborate on what criminal charges he faces, if any, in connection with his apparent failure to register as a sex offender in Virginia. He also does not state what relief he seeks from the court through bringing this lawsuit under § 1983.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

U.S. 42 (1988). However, an inmate cannot use § 1983 to invalidate a conviction or to interfere with pending criminal proceedings. See, e.g. Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973). See also Thigpen v. McDonnell, 273 F. App'x 271 (4th Cir. 2008) (finding that sex offender's § 1983 double jeopardy claim based on sex offender registry was barred by Heck). To the extent that Maslak is currently confined pursuant to pending charges or a conviction and/or sentence related to his failure to register as a sex offender, he must present his double jeopardy arguments to the trial court and then pursue any available appellate remedies in the state court system before bringing his claim in this court.[2] See Slayton v. Smith, 404 U.S. 53 (1971) (finding that habeas petition under 28 U.S.C. § 2254 must be dismissed if petitioner has not exhausted state court remedies); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-92 (1973) (applying exhaustion of state court remedies requirement to inmate bringing challenge, pursuant to 28 U.S.C. § 2241, to pretrial detention under pending state criminal detainer). Moreover, to the extent that Maslak is claiming that state officials erred in requiring him to register under the law because it does not apply to his 20-year-old conviction, his claim is not actionable in federal habeas proceedings at all; federal habeas relief will lie only if the petitioner proves that his confinement violates the Constitution or other laws or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (finding that federal writ is not available for alleged error in the interpretation or application of state law).

As stated, it is not clear from Maslak's complaint whether his current detention has anything to do with his complaint concerning the requirement that he register in Virginia as a sex offender.

---

[2]Petitioner is advised that sex offender registry laws and the restrictions they impose on those individuals previously convicted of certain types of sexual offenses have been held to be legitimate, nonpunitive civil statutes. See, e.g., Smith v. Doe, 538 U.S. 84, 97-106 (2003) (finding that effects of Alaska's Sex Offender Registration Act (SORA) were nonpunitive, and thus, retroactive application of the Act, whose purpose was also nonpunitive, did not violate the ex post facto clause, because any stigma was not integral part of Act's objective, Act imposed no physical restraint, there was no evidence of substantial occupational or housing disadvantages for registrants that would not otherwise have occurred, periodic updates were not required to be made in person, Act's purpose was not retributive, Act had legitimate nonpunitive purpose of public safety, which was reasonably advanced by alerting public, duration of reporting duty was not excessive, and notification system was passive).

Regardless of the nature of his pending charges, however, his primary complaint appears to be that officials are requiring him to register based on an old conviction. Apparently, he believes that the state law should not apply to an offense for which he has already served his criminal sentence. Misapplication of a state law, however, is not independently actionable under § 1983. See, e.g., Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (finding that state official's failure to abide by state law as to procedural protections is not a federal due process issue). To the extent that Maslak might conceivably have some claim available to him under state law on this matter, the court declines to exercise supplemental jurisdiction over any such claim, pursuant to 28 U.S.C. § 1367(c).

In conclusion, the court is satisfied that Maslak cannot prove facts consistent with his current, brief allegations so as to state any claim actionable under § 1983 at this time. Accordingly, the court will summarily dismiss the complaint without prejudice, pursuant to § 1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 19th day of November, 2008.

/s/ Glen Conrad
United States District Judge